IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kelly Polston, | ) | C/A No.: 3:08-3639 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Eli Lilly and Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on defendant Eli Lilly and Company's motion to compel (ECF No. 8) the South Carolina Medical Malpractice Joint Underwriting Association ("JUA") and Dr. Robert Borucki to comply with a May 6, 2010 subpoena seeking discovery of a confidential settlement agreement between them and plaintiff Kelly Polston. The agreement at issue arose out of the South Carolina state court case of <u>Kelly Polston v. Robert Borucki, MD et alia</u>, C/A No. 2008-CP-40-2659. <u>Borucki</u> was a medical malpractice suit that settled confidentially in August 2009. The matter currently before the court arises from an action originally filed in this district, but now pending in the Zyprexia multidistrict litigation before Judge Jack Weinstein in the United States District Court of the Eastern District of New York. This matter is before this court because Lilly's subpoena issued from this district. Fed. R. Civ. P. 45(a)(2)(C). The parties have fully briefed the motion and the court heard argument at a July 20, 2010 hearing.

I.  Standard

As with any discovery dispute, Rule 26(b)(1) provides the general rule:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . .

Fed. R. Civ. P. 26. Relevant information is a broader concept than admissible evidence. To be relevant, information need only be calculated to lead to the discovery of admissible evidence, it need not be admissible itself. "Relevant evidence" is defined to mean evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

"On relevancy matters, the trial court has broad discretion." <u>Watson v. Lowcountry Red Cross</u>, 974 F.2d 482, 489 (4th Cir. 1992). The court may restrict the discovery of otherwise allowable information if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Broad discretion is afforded a district court's decision to grant or deny a motion to compel. <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988).

II. <u>Discussion</u>

The question before the court is whether Lilly may obtain disclosure of the

terms of a confidential settlement agreement. To be discoverable, the settlement agreement must be, at least, reasonably calculated to lead to the discovery of admissible evidence. The court notes that a variety of courts have recognized a "settlement privilege," see Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003) ("[W]e believe a settlement privilege serves a sufficiently important public interest, and therefore should be recognized."); Olin Corp. v. Ins. Co. of N. Am., 603 F. Supp. 445, 449-50 (S.D.N.Y.1985) (same), or required a "particularized showing that admissible evidence will be generated" prior to allowing the discovery of a confidential settlement agreement, see Bottaro v. Hatton Assoc., 96 F.R.D. 158 (E.D.N.Y. 1982). Many have not. See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Mediateck, Inc., No. C-05-3148 MMC (JCS), 2007 WL 963975, at *4 (C.D. Cal. Mar. 30, 2007); In re Subpoena Issued to Commodity Futures Trading Comm'n, 370 F. Supp. 2d 201 (D.D.C. 2005); Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc., 831 F. Supp. 1516, 1531 (D. Colo.1993). The Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents. Nor can the court find any statute or rule excepting a confidential settlement agreement from Rule 26(b)(1). Accordingly, the only question before the court is whether any information in the Borucki agreement is relevant, and not unduly burdensome to produce. To that end, Lilly seeks access to the Borucki agreement so that it may (1)

3

value any set-off it may be entitled to pursuant to section 15-38-50 of the South Carolina Code, and (2) assess the potential effect of the agreement on Dr. Borucki's testimony in the present action.

> A.   S.C. Code Ann. § 15-38-50

Lilly seeks access to the Borucki agreement so that it may value the amount of any set-off it may be entitled to pursuant to S.C. Code Ann. § 15-38-50. Section 15-38-50 provides:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>
> (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

S.C. Code Ann. § 15-38-50. South Carolina courts have found that the "same injury" or "same wrongful death" terms should be construed to encompass the same the injury rather than the same claim. By way of example, damages for wrongful death and survival may differ in amount, but "[i]njury, as used in the statute, is broad enough to include all damages, including those attributable to both survival and wrongful death causes of action which result from the joint negligence of the various responsible parties." Ellis v. Oliver, 515 S.E.2d 268, 272 (S.C. App. 1999). "Section 15-38-50 grants the court no discretion in determining the

4

equities involved in applying a set-off once a release has been executed in good faith between a plaintiff and one of several joint tortfeasors." Id. Accordingly, Lilly argues that section 15-38-50 should apply automatically, by operation of law, as a credit toward Polston's claim. The court agrees that section should apply automatically as a credit, but only against a judgment. Id. at 271. Accordingly, there is no reason, for the purposes of the section, to order the disclosure of the amount of the credit until a verdict finding liability on the part of Lilly has been reached. See Bottaro v. Hattton Assoc., 96 F.R.D. 158 (E.D.N.Y. 1982) ("Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, the amount of the settlement is not relevant to any issue in this case at this time.").

B. Witness Bias

Lilly contends that because Dr. Borucki and Dr. Alana Williams are likely to be called as witnesses in the present case, disclosure of the terms of the Borucki agreement are necessary in order to assess their potential biases and prejudices. Lilly argues that disclosure of the amount of the settlement is necessary to assess whether the termination of prior litigation fairly valued the plaintiff's claim, or whether it left money on the table with a view to making up the difference against Lilly. In Lilly's view, disclosure of the amount of the settlement would allow it to assess whether the settlement terms incentivize favorable testimony. The court finds that it is unsuited to making such a determination and that Lilly

5

is likely entitled to use the settlement agreement for impeachment at trial. See Fed. R. Evid. 408. However, as no trial looms, the court will deny Lilly's motion to compel without prejudice, and revisit the issue closer to trial.

III.   Conclusion

Based on the foregoing, the court denies Lilly's motion to compel without prejudice. The court notes that the full terms of the agreement are likely admissible at trial as impeachment evidence pursuant to Rule 408, and, upon appropriate motion, the court will examine the issue again closer to trial.

IT IS SO ORDERED.

July 23, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge